**In the Matter of Antolin J. REIBER, Respondent.**

**No. 49S00–1107–DI–461.**

Supreme Court of Indiana.

June 5, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* In May 2006, a client paid Respondent an advance payment of $1,000, to represent her in a custody dispute. When the client terminated the representation the following month, Respondent offered to return the client's file but refused to refund any part of the payment. The client eventually obtained a judgment against Respondent for $750 for unearned fees. Respondent satis-

fied the judgment in December 2011. Respondent failed to respond to the Commission's request for a response to the client's grievance until this Court entered a show cause order against him.

*Count 2.* A different client, who was separated from her husband, retained Respondent in 2009 to assist her regarding a protective order against a third party. After the attorney-client relationship was formed, Respondent began a sexual relationship with her and did not withdraw from representing her. In February 2010, he terminated both his sexual and attorney-client relationship with the client. Respondent failed to cooperate in a timely manner with the Commission's investigation of the client's former husband's grievance against Respondent. Respondent has contacted the Judges and Lawyers Assistance Program ("JLAP"), has scheduled a psychiatric evaluation, and is willing to enter into a JLAP monitoring agreement.

*Other facts.* The parties cite the following facts in aggravation: (1) The client in Count 2 was vulnerable when he began his sexual relationship with her; (2) Respondent acted selfishly to satisfy his own emotional desires; and (3) Respondent committed multiple offenses.

The parties cite in mitigation the fact that Respondent has not been disciplined previously for misconduct. The Court notes, however, that Respondent has the following history of noncooperation with the Commission:

49S00–1007–DI–370: Show cause petition filed 7/14/10. Dismissed with costs 8/23/10.

49S00–1107–DI–435: Show cause petition filed 7/19/11. Dismissed with costs 8/24/11.

49S00–1109–DI–550: Show cause petition filed 9/13/11. Dismissed with costs 11/10/11.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.16(d): Failure to refund an unearned fee promptly upon termination of representation. (Count 1)

1.8(j): Engaging in a sexual relationship with a client unless it began prior to the representation. (Count 2)

1.16(a)(1): Failure to withdraw from representation when the representation will result in violation of the Rules of Professional Conduct or other law. (Count 2)

8.1(b): Failure to respond in a timely manner to the Commission's demands for information. (Counts 1 and 2)

**Discipline:** The parties propose the appropriate discipline is **a six-month suspension without automatic reinstatement.** The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning July 17, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabili-

tation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who respectfully dissents, stating.

While I have no objection to the length of the suspension I prefer to impose as a condition of reinstatement that the Respondent undergo an assessment as determined by JLAP and complete any counseling as recommended by JLAP, prior to the application for reinstatement.